UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY EDWARD KING,<br><br>　　　　　　Petitioner,<br><br>　　　v.<br><br>R. RACKLEY, Warden,<br><br>　　　　　　Respondent. | No.  2:16-cv-1283 TLN KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

　　　　Petitioner is a state prisoner, proceeding without counsel.  On August 19, 2016, the undersigned construed the pending habeas as a motion to amend the habeas petition in Case No. 2:15-cv-1331 TLN KJN, and directed petitioner to file an amended petition that included all of his claims.  However, on September 1, 2016, petitioner filed a response, and both parties filed responses in Case No. 2:15-cv-1331 TLN KJN.  Upon review of the parties' filings, it is not appropriate to consider the instant petition as an amendment to petitioner's earlier petition because the instant claims are pending in the California Supreme Court.  Therefore, the August 19, 2016 order is vacated.

　　　　The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

1

explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

In his response, petitioner concedes that his state court petition is presently pending in the California Supreme Court in Case No. S234196.  Review of the California courts website confirms that the petition is pending.[2]  Therefore, the petition should be dismissed without prejudice.[3]

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed, and takes judicial notice of, the electronic docket for the California Supreme Court. California Courts, < http://appellatecases.courtinfo.ca.gov>, visited December 2, 2016.

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 5, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/king1283.103